# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLENDA WERTZ, | ) | 08-CV-78 GSA |
| | ) | |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S IN |
| Plaintiffs, | ) | LIMINE MOTION REGARDING EXCLUSION |
| | ) | OF PLAINTIFF'S EXPERT TESTIMONY |
| v. | ) | (Doc. 35) |
| | ) | |
| TARGET CORPORATION; MERCED | ) | |
| TARGET, et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Target Corporation ("Defendant") filed a motion in limine on February 27, 2009 to exclude the testimony of Glenda Wertz's ("Plaintiff") expert witness, Richard D. Grossman. Plaintiff filed an opposition to the motion on March 3, 3009. A hearing on the motion was held on March 9, 2009. Brian Morse represented Plaintiff. Michael Mordaunt represented Defendant. Both parties personally appeared. Upon consideration of the pleadings and oral argument, Defendant's motion is DENIED for the reasons set forth below.

## BACKGROUND

On or about April 17, 2008, the court issued its first Scheduling Conference Order setting forth various deadlines in this case. (Doc. 14). The order required that expert disclosure be completed no later than July 31, 2008. The court also noted that the disclosures would be strictly governed by Rule 26 of the Fed. R. Civ. P. and that failure to comply with this provision *may*

1

result in sanctions including the exclusion of the testimony. (Emphasis added). Thereafter, the court issued an order pursuant to the parties' joint stipulation indicating that the new date for expert disclosure and non-expert discovery would be November 1, 2008. The parties did not request that any of the other dates in the Scheduling Conference Order be adjusted.

On October 31, 2008, Plaintiff served Defendant with her expert disclosure, however, the disclosure was made in accordance with the California Code of Civil Procedure § 2034.260 rather than the Fed.R.Civ. P. Rule 26. In particular, although Plaintiff disclosed the identity of the witness, as well as a summary of the expected testimony, the disclosure did not include any expert report or testimonial history of the witness, nor did it contain specific details concerning the nature of the testimony.

Defendant provided Plaintiff with its expert disclosure pursuant to Rule 26 on November 4, 2008, including a complete report by its designated expert.[1] Upon receiving Defendant's report, Plaintiff made no attempt to supplement her disclosure. However, Defendant did not file a motion to compel the information from Plaintiff, nor did Defendant file a motion to exclude Plaintiff's expert testimony until filing the instant motion.

On February 6, 2009, the court was contacted by the parties to *inter alia*, informally resolve the issue of whether Plaintiff's expert testimony would be permitted. (Doc. 26). On February 11, 2009, an informal teleconference was held. The court informed that parties that if a motion to exclude Plaintiff's expert testimony were filed, the court would be inclined to deny the motion on the condition that the expert report be filed as soon as possible, and that Defendant be afforded the opportunity to depose Plaintiff's witness at Plaintiff's expense.[2] (Doc. 27). The court also informed the parties that a continuance would be granted if requested by the parties. At the pretrial conference held on February 19, 2009, both parties indicated that a continuance was not necessary. Plaintiff provided Defendant with Mr. Grossman's report on February 24, 2009, and Defendant informed the court that the deposition was scheduled for March 9, 2009.

---

[1] Plaintiff apparently stipulated to Defendant's untimely disclosure.

[2] Plaintiff also asked the court for an informal ruling on whether she would be allowed to depose Defendant's expert because Plaintiff's counsel had failed to do so within the designated time period. The court informed the parties informally that it would be inclined to deny Plaintiff's motion.

2

## LEGAL STANDARD

Rule 26(a)(2)(B) provides that "unless stipulated or ordered by the court [the disclosure of the identity of expert witnesses pursuant to Rule 26(a)(2)(A)] must be accompanied by a written report. Fed. R.Civ. P. 26(a)(2)(B). The report shall contain, among other things, a "complete statement of all opinions to be expressed and the basis and reasons for them" and the data or other information considered by the witness in forming the opinions. F.R. Civ. P. 26(a)(2)(B). A party who fails to properly disclose its experts and their reports may be barred from using any of the expert's direct testimony unless there was "substantial justification" for the failure to disclose or the failure was "harmless." Fed. R.Civ.Proc. 37(c)(1).

In determining whether this action should be imposed, the burden is on the party facing the sanction to prove harmlessness. Torres v. City of Los Angeles, 548 F. 3d 1197 (9th Cir. 2008) (quoting, Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir 2001)). The Ninth Circuit Court of Appeals gives wide latitude to a district court's exercise of discretion to issue sanctions for failure to disclose an expert. Yeti, 259 F. 3d at 1106. Exclusionary sanction based on discovery violations are generally improper absent undue prejudice to the opposing side. Amersham Pharmacia Biotech, Inc., v. Perkin, 190 F.R.D. 644, 648-49. (N.D. Cal. 2000).

Some courts have held that when considering whether to exclude the expert testimony, the court should examine: (1) the explanation, if any, for the failure to disclose; (2) prejudice to the opposing party; (3) the potential for curing the breach by granting a continuance; and (4) the importance of the testimony. See Barett v. Atlantic Richfield Co. 95 F.3d 375, 380 (5th Cir. 1996); Sierra Club Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F. 3d 546, 572 (5th Cir. 1996); cert. denied, 519 U.S. 811, 117 S. Ct. 57 (1996).

## DISCUSSION

Defendant argues that pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff's expert's testimony should be excluded because it has put Target Corporation at a disadvantage. Specifically, Plaintiff's actions have deprived Defendant the ability to determine whether, and to what extent, to depose Plaintiff's exert. Moreover, by failing to serve a timely and complete

disclosure, Plaintiff was afforded the benefit of crafting her expert's opinions to specifically rebut the points raised by defendant's experts. This is evidenced by Plaintiff's expert report which specifically addresses and rebuts the opinion set forth the Defendant's report.[3] Finally, the deposition of Plaintiff's expert will be past any filing deadlines for motions in limine. Accordingly, Defendant will not be afforded an opportunity to file motions in limine on issues that may arise during, or after, Plaintiff's expert's deposition.

Plaintiff argues that the lack of disclosure was inadvertent as evidenced by the fact that disclosures were made pursuant to the California Code of Civil Procedure. These disclosures identified the expert's name, address, telephone number, qualifications, and substance of the expected testimony. Moreover, Defendant never objected to the content of the disclosure until on or about February 5, 2009 - more than three months after it was served. Had the issue been raised earlier by Defendant, Plaintiff would have sought to remedy the defect sooner. Plaintiff argues that any prejudice to Defendant has been minimized since Defendant has been permitted to depose the witness at Plaintiff's expense and Defendant's expert is free to rebut the opinions of Plaintiff's expert during his testimony at trial. Plaintiff contends that the exclusionary sanction Defendant is seeking is not commensurate with Plaintiff's inadvertent omission.

In this case, it does not appear that the failure to provide the expert disclosure was caused by willfulness or bad faith, but was due to Plaintiff's counsel's unfamiliarity with the federal rule. While arguably Plaintiff's actions are not substantially justified, Defendant did not inform Plaintiff or the court of the deficiencies until early February 2009. Had Defendant filed a motion to compel, the court could have ordered that the report be provided to Defendant earlier. See, Harvey v. District of Columbia, 949 F. Supp. 874 (D.D.C. 1996) (Exclusion of expert testimony not granted when moving party waited until day before discovery cut-off to challenge inadequate report). Moreover, since Defendant had the name and address of Plaintiff's expert, Defendant could have noticed Mr. Grossman's deposition without the report and raised the issue at the deposition.

---

[3] Although Defendant indicates that Plaintiff's expert report is attached to as Exhibit 4 to the Lutterman declaration, Defendant failed to provide the court with a copy of the report.

4

1       Exclusion is a harsh remedy. Imposition of this sanction because of discovery violations is generally improper absent undue prejudice to the opposing side. Amersham Pharmacia Biotech Inc., v. Perkin, 190 F.R.D. 644, 648-649 (N.D. Cal. 2000). Plaintiff's reliance on this expert is a crucial element of her case. Given the importance of the expert testimony to Plaintiff's case, it is appropriate to fashion a remedy that will minimize the prejudice to Defendant that will render the failure to disclose harmless. Thus, Defendant shall be allowed to depose the expert prior to trial and Plaintiff shall pay all costs for the deposition including reasonable attorney's fees. Fed. R. Civ. P. Rule 37 (b). The expert report was given to Defendant's counsel on February 24, 2009, as soon as it was completed by Mr. Grossman. Defendant was given the option of continuing the trial which it has declined. Defendant can explore the effect of having Defendant's expert's opinion prior to the formulation of Plaintiff's expert report at the deposition. Defendant can also rebut any arguments made by Plaintiff's expert through its own expert's testimony during the trial. Furthermore, as discussed during the hearing, Defendant may bring a motion in limine regarding the expert testimony or request a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 516 U.S. 869 (1995) by the deadline set forth below to further minimize any prejudice.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1) Defendant's Motion to Exclude the Testimony and Opinions of Plaintiff's Expert, Richard D. Grossman, is DENIED;

2) Defendant shall be allowed to depose Mr. Grossman. Plaintiff shall pay all costs associated with taking the deposition, including reasonable attorney's fees; and

3) After the deposition is completed, Defendant may file a motion in limine regarding the expert testimony, or request a Daubert hearing. Defendant's motion in limine, or any requests for a *Daubert* hearing shall be made no later that March 13, 2009. A hearing will be held at a time designated by the court on March 20, 2009, if such requests are made.

IT IS SO ORDERED.

   **Dated:   March 10, 2009**           **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE