# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENDA WERTZ, | 1:08-cv-0078 GSA |
| Plaintiff, | ORDER RE MOTIONS IN LIMINE |
| v. | (Documents 34-41) |
| | Trial Date: March 23, 2009<br>Time: 9:00 a.m.<br>Courtroom: 10 (GSA) |
| TARGET CORPORATION, MERCED TARGET, | |
| Defendants. | |

On March 9, 2009, a hearing was held on the motions in limine pending before this Court. Personally present at the hearing were Brian D. Morse on behalf of Plaintiff, and Michael R. Mordaunt on behalf of Defendant.

Having considered the following motions in limine, as well as any opposition filed thereto, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion In Limine Re Admissibility Of Medical Expenses And Evidence of Insurance (Document 38) is **GRANTED.**

1

2. Plaintiff's Motion In Limine Re Settlement Negotiations, Witnesses, And Photographs - with the exception that defense witness Sarah Stillman may remain in the courtroom as Defendant Target's corporate representative - (Document 39) is **GRANTED.**

3. Plaintiff's Motion In Limine Re Evidence Of Past Criminal Offense (Document 40) is **GRANTED**.

4. Plaintiff's Motion In Limine Re Opinions Of Defendant's Expert Trial Witness (Document 41) is **DENIED WITHOUT PREJUDICE**. Plaintiff shall notify the court if a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 516 U.S. 869 (1995) is requested. Plaintiff's request for a *Daubert* hearing shall be made no later that March 13, 2009, and a hearing will be held on March 20, 2009.

5. Defendant's Motion In Limine To Exclude Evidence Of Gross Amounts Of Medical Expenses (Document 34) is **DENIED.**

6. Defendant's Motion In Limine To Exclude Testimony From Plaintiff's Designated Expert (Document 35) is **DENIED.**

7. Defendant's Motion In Limine To Preclude Plaintiff's Lost Future Earnings (Document 36) is **GRANTED**.

8. Defendant's Motion In Limine To Exclude Evidence Of Prior Accidents At Defendant's Merced Store (Document 37) is **GRANTED**, however, Target shall be precluded from introducing evidence that there have been no prior accidents at the store.

IT IS SO ORDERED.

Dated: **March 10, 2009**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE