# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENDA WERTZ, | 08-CV-78 GSA |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION |
| TARGET CORPORATION; MERCED TARGET, et. al. | (Doc. 52) |
| Defendants. | |

**INTRODUCTION**

On February 27, 2009, Target Corporation ("Defendant") filed a pleading entitled "Request to Add Additional Witness for Defendant Target Corporation." In this request, Defendant requested that Sarah Stillman, the team leader for the Merced Target store, be added to the witness list. Target indicated that Ms. Stillman would be testifying regarding Target's policies and procedures relating to safety, spill clean-up, and the training of employees. (Doc. 32).

Plaintiff, Glenda Wertz ("Plaintiff") filed a written objection on March 2, 2009. (Doc. 42). Plaintiff argued that Defendant had not previously disclosed the witness as a person having any involvement in, or knowledge regarding the incident or the procedures, policies or guidelines followed by Defendant relating to safety, spill clean-up or training of employees. Plaintiff further objected on the basis that there was not opportunity to conduct pretrial discovery, or depose the

1

witness.

Pursuant to Local Rule 78-230(h), the court considered the matter without oral argument. On March 2, 2009, the court issued an order granting Defendant's request on the condition that Plaintiff be permitted to depose the witness, and that Defendant pay for any and all costs associated with the witness' deposition, including attorney's fees. The court swiftly entered the order so that Plaintiff would have ample opportunity to depose Ms. Stillman prior to trial.

On March 6, 2009, Plaintiff filed a document entitled "Plaintiff Glenda Wertz's Request for Reconsideration By the District Court of the Magistrate Judge's Ruling." The filing requested that the court withdraw the above referenced order on the basis that Plaintiff was not afforded the opportunity to present oral argument regarding Defendant's request to add the witness. Plaintiff also requested that the matter be placed on the court's calendar for March 9, 2009 at 9:30, which was the time set for motions in limine to be heard in this case.

At the motion in limine hearing, Brian Morse personally appeared on behalf of Plaintiff. Michael Mordaunt personally appeared on behalf of Defendant. At the hearing, the court requested that Plaintiff clarify the instant request because the title of the document indicates she was seeking review by the district court judge, however, in the body of the request, Plaintiff requested that the matter be heard before the undersigned. Plaintiff's counsel explained he was requesting that this court reconsider its ruling.[1] Upon considering Plaintiff's request, the court DENIES the motion.

**DISCUSSION**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party must show that there are new or different facts or circumstances which did not exist at the time of the prior ruling, or that other grounds exist for the motion. Local Rule 78-230(k)(3). The party must establish why the facts or circumstances were not shown at the time of the prior motion.

---

[1] The court notes that the district court has no jurisdiction to review the court's orders in this case as both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

2

Local Rule 78-203(k)(4).

Plaintiff's request to reconsider the court's order is not based on any new facts or law not in existence at the time the initial opposition was filed. The basis of Plaintiff's request is that Plaintiff was not afforded the opportunity to present oral argument. However, pursuant to Local Rule 78-230(h), this court may render a decision without oral argument.

Plaintiff also argues that since Ms. Stillman is not a percipient witness and was not employed at the subject store at the time the incident occurred, her testimony falls in the realm of expert testimony and Defendant has not disclosed her as an expert. The court disagrees with Plaintiff's characterization of the witness. Defendant has indicated Ms. Stillman will testify regarding the policies and procedures relating to safety, spill clean-up, and training of employees at Target stores only. She is not testifying regarding the adequacy of these procedures. Thus, she is not testifying as an expert, nor will the court permit her to offer expert testimony. If Plaintiff believes that Ms. Stillman is beginning to testify as an expert, Plaintiff may raise the appropriate evidentiary objection during trial and the court will make a ruling at that time.

Finally, Plaintiff argues that the testimony should be precluded because the witness was not disclosed in discovery and she has as yet been deposed. To remedy this, the court has ordered that Plaintiff may depose Ms. Stillman prior to trial, and further that this will be at Defendant's cost. These two conditions should act to minimize any prejudice to Plaintiff. See, El Ranchito, Inc. v. City of Harvey, 207 F. Supp. 2d 814 (N.D. Ill 2002) (Careless failure to disclose witness was harmless and exclusion of testimony at trial was not warranted when opposing party was permitted to take witnesses' depositions).

It should be noted that the court may modify a pretrial order issued after a pretrial conference to prevent a manifest injustice. Fed. R. Civ. P. 16(e). In this case, it should be noted that Plaintiff failed to properly disclose her expert and thereafter only gave Defendant her expert's report on or about February 24, 2009. Despite Plaintiff's failure to comply with the Federal Rules of Civil Procedure, this court has permitted Plaintiff an opportunity to present her expert's testimony. (Doc. 57). While the court is troubled by the fact that *both* parties have failed to properly follow the discovery rules, the court is affording Defendant the same consideration it has

given Plaintiff, subject to the same sanction of paying the cost of the witness' deposition. Allowing one party the opportunity to present an improperly disclosed witness, while precluding the other party's similar request would be manifestly unjust.

### **CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's request for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **March 12, 2009**    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE